UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOT PRATT, III, <br> and KAREN PRATT <br>     Plaintiffs, <br><br> vs. <br><br> SOUTH COUNTY MOTOR SALES, INC., <br> d/b/a DON FLIER MOTORS, <br>     Defendant/Third-Party Plaintiff, <br><br> vs. <br><br> CHRYSLER GROUP, LLC, <br><br>     Third-Party Defendant. | Case No. 4:12CV01492 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Tot Pratt, III and Karen Pratt's Motion to Sever and Remand [ECF No. 13]; and Defendant,Third-Party Plaintiff, South County Motor Sales, Inc., d/b/a Don Flier Motors' Motion to Dismiss Third-Party Petition for Contribution and Motion for Leave to File Amended Third Party Petition for Indemnity [ECF No. 17].

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     State Court Action and Procedural Background

Plaintiffs Tot Pratt, III and Karen Pratt ("Plaintiffs") filed a complaint on September 23, 2010, in the Circuit Court of the 23rd Judicial Circuit of Missouri against Defendant South County Motor Sales, Inc., d/b/a Don Flier Motors ("Don Flier"). The complaint alleged strict liability and negligence against Don Flier in connection with its sale and service of an allegedly defective 2006 Jeep Commander. Plaintiffs sought recovery for personal injuries and loss of consortium as the result of an accident that occurred on or about May 7, 2009. On July 19, 2012,

Don Flier filed a Third-Party Petition seeking contribution against Chrysler Group, LLC ("Chrysler Group"). Chrysler Group was served process with a copy of the Third-Party Petition on July 20, 2012 [ECF No. 1, ¶ 3]. Third-Party Defendant Chrysler Group filed a Notice of Removal on August 20, 2012 [ECF No. 1], asserting that the state action is a civil proceeding arising in, arising under or related to cases under Title 11 of the United States Code (the "Bankruptcy Code") over which the District Courts have original jurisdiction under 28 U.S.C. § 1334, and which is removable under 28 U.S.C. § 1452(a).[1]

On September 14, 2012, Plaintiffs filed the instant Motion to Sever and Remand [ECF No. 13]. Plaintiffs seek severance of their claims against Don Flier from the Third-Party Petition for Contribution under Fed. R. Civ. P. 21. Once severed, under principles of equity, Plaintiffs request claims be remanded under 28 U.S.C. § 1452(b) to the Missouri Circuit Court. Additionally, Third-Party Defendant Chrysler Group and Third-Party Plaintiff Don Flier have entered into a Stipulation to Dismiss the Third-Party Contribution claim. On October 17, 2012, Third-Party Plaintiff Don Flier filed a Stipulation to Dismiss the Third-Party Petition for Contribution [ECF Nos. 17, 17-1] under Fed. R. Civ. P. 41(a)(1)(A)(ii).[2] Don Flier also motions the Court for Leave to File an Amended Third-Party Petition for Indemnity. Third-Party Defendant Chrysler Group opposes the Motion to Sever by Plaintiffs and the Motion to Amend the Third-Party Petition by Don Flier [ECF Nos. 16, 19] on the basis that this Court lacks subject

---

[1] Alternatively, in its Notice of Removal, Chrysler maintains that the action is also removable under 28 U.S.C. § 1441(a) because it is founded on a claim or right arising under the laws of the United States under 28 U.S.C. § 1331 and 11 U.S.C. §§ 105, 363. As the Court finds jurisdiction under § 1334 and § 1452, it does not address these arguments.

[2] Although styled as a Motion to Dismiss the Third-Party Petition for Contribution, Don Flier does not argue the dismissal as a motion before the Court under Fed. R. Civ. P. 41 (a)(2), but instead presents it as a stipulated dismissal under Rule 41(a)(1)(a)(ii), not requiring an order of the Court.

matter jurisdiction due to the filing of the Stipulated Dismissal. Don Flier opposes Plaintiffs' Motion to Sever and Remand [ECF No. 18].

B. **Chrysler LLC's Bankruptcy Case**

On April 30, 2009, Chrysler LLC and 24 of its domestic direct and indirect subsidiaries filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002 [ECF No. 1, ¶ 6]. The case is pending before Bankruptcy Judge Arthur J. Gonzalez. *Id.* In connection with the bankruptcy case, the Debtors (Chrysler LLC, n/k/a/ Old CarCo LLC), [and Purchasers] Fiat S.p.A ("Fiat") and Chrysler Group (then known as New CarCo Acquisition LLC) entered into a Master Transaction Agreement dated April 30, 2009 ("Purchase Agreement"). *Id.* at ¶ 7; Exhibit E. The Purchase Agreement provided that the Debtors would sell substantially all of their operating assets to Chrysler Group and Fiat. *Id.*

On June 1, 2009, the Bankruptcy Court issued a sale order. [ECF No. 1, ¶ 9; Exhibit G]. In the sale order, the Bankruptcy Court approved the Purchase Agreement and held that the Purchasers (Fiat and Chrysler Group), "its successor or assigns or any of their respective affiliates" shall not have "any liability for any Claim that (a) arose prior to the Closing Date...." *Id.* at ¶ 10; Exhibit G. The Bankruptcy Court permanently enjoined persons and entities from asserting against the purchaser any claim arising from, related to or in connection with the ownership, sale or operation of any asset prior to the closing, except for assumed liabilities. *Id.* at ¶ 12. The Purchase Agreement and Amendments to the Purchase Agreement expressly identify the liabilities that Fiat and Chrysler Group did not assume. *Id.* According to Chrysler Group, Article II, Section 2.09 (i) and (j) identified the excluded liabilities relevant to this case:

> (i) all Product Liability Claims arising from the sale of Products or Inventory **prior to the Closing**;
> (j) all Liabilities in strict liability, negligence, gross negligence, or recklessness for acts or omissions **arising prior to or ongoing at the Closing**;...

3

*Id*. at ¶ 14, Exhibit E, Art. II, § 2.09(i) & (j). The transaction identified in the Purchase Agreement **closed on June 10, 2009,** and the estate of Chrysler LLC, n/k/a Old Car Co LLC, continues to be administered in the Bankruptcy Case. *Id.* at ¶ 15.

Chrysler Group notes that the 2006 Jeep Commander at issue in the instant case was designed, manufactured and distributed by a predecessor to Chrysler LLC (one of the debtors), and the accident in question occurred *prior to* June 10, 2009, the date of the closing of the sales transaction in the bankruptcy proceedings. *Id.* at ¶ 5.

## II. DISCUSSION

### A. Removal of the State Action by Chrysler Group

28 U.S.C. § 1452 permits removal of a state court case to federal district court if the federal district court has jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). Under § 1334(a), federal courts have exclusive and original jurisdiction over bankruptcy cases "under" Chapter 11. 28 U.S.C. § 1334(a). However, federal courts have original but concurrent jurisdiction over cases "arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b). Cases "arising under title 11, or arising in [ ] title 11" are "core proceedings." *See* 28 U.S.C. § 157(a). "Related proceedings" are determined by the "conceivable effect" test: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankruptcy estate." *See Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 774 (8th Cir. 1995).

Chrysler Group maintains that the District Court has original jurisdiction over the state action under 28 U.S.C. § 1334(b), and, therefore satisfies the grounds for removal under § 1452. Chrysler Group notes that the Bankruptcy Court has expressly retained jurisdiction over the

4

interpretation, implementation and enforcement of the sale order. Chryser Group argues that in matters in which the bankruptcy case is still open, the Court need only determine whether the matter is at least "related to" the bankruptcy to decide whether it has federal jurisdiction.[3] Chrysler Group cites to several cases in which the district court held that state court actions against Chrysler Group were removeable to federal court as they were "related to" the pending bankruptcy case. *See, e.g.*, *Doss v. Chrysler Group, LLC*, No. CV-09-02130-PHX-DGC, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009); *Quesenberry v. Chrysler Group LLC*, No. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012); *Clark v. Chrysler Group LLC*, No. 10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010). These cases involved product liability and breach of warranty claims asserted directly against Chrysler Group. The instant action is distinguishable, in that, here, the action against Chrysler Group is a third-party claim based on a right of contribution.

Not all jurisdictions have held that a contingent claim for indemnification or contribution is "related to" a bankruptcy proceeding under § 1334. For example, in *Pacor, Inc. v. Higgins*, the Third Circuit held that defendants' contingent indemnification claims were insufficient for "related to" jurisdiction if a separate lawsuit had to be brought to obtain indemnification. 743 F.2d 984, 995 (3d Cir. 1984). However, in the Sixth Circuit, in *In re Dow Corning Corp.*, the court held that the "potential for [the debtor] being held liable to the nondebtors in claims for contribution and indemnification ... suffices to establish a conceivable impact on the estate in bankruptcy." 86 F.3d 482, 494 (6th Cir. 1996). In *In re DowCorning Corp.*, thousands of claims were filed against manufacturers and suppliers of silicone breast implants. *Id.* at 485. The Sixth

---

[3] As this Court finds "related to" jurisdiction under § 1334(b), it need not address Chrysler Group's additional arguments that 1) the state action is a "core proceeding," or, alternately, 2)that the action is founded on rights arising under the laws of the United States.

Circuit held that those claims were related to the bankruptcy of Dow Corning Corporation because they could give rise to contingent claims of indemnification and contribution by the nondebtor defendants against Dow Corning. *Id.* at 494. The court reasoned that the "claims for indemnification and contribution . . . obviously would affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization." *Id.*

Several courts have followed the reasoning of *In re DowCorning Corp.*, and found the Third Circuit's decision in *Pacor* to be distinguishable. In *Pacor*, the non-debtor defendant did *not* have a *contractual* right of indemnity against the debtor in bankruptcy. 743 F.2d at 995. Contrastingly, courts have consistently found that "related to" jurisdiction exists when there is an underlying contractual right of indemnification. *See, e.g., Belcufine v. Aloe,* 112 F.3d 633, 636–37 (3d Cir. 1997) (distinguishing *Pacor* and finding "related to" jurisdiction where nondebtor defendant had contractual indemnity claims); *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986) (finding jurisdiction over actions against former corporate officers entitled to indemnification under the bankrupt's insurance policy and corporate bylaws); *In re Celotex Corp.,* 124 F.3d 619, 627 (4th Cir. 1997) (finding jurisdiction where non-debtor defendant filed proof of claim against the debtor based on a contractual obligation of indemnity); *In re United Container, LLC,* 284 B.R. 162, 171 (Bkrtcy. S.D. Fla. 2002) (same); *Davis v. Life Investors Ins. Co. of Am.,* 282 B.R. 186, 190 (S.D. Miss. 2002) (same). *Cf. Coward v. AC and S., Inc.,* 91 Fed.Appx. 919, 923–24 (5th Cir. 2004) (noting that the existence of a contractual indemnification agreement between non-debtor defendant and debtor would have created "related to" bankruptcy jurisdiction).

The Eighth Circuit utilizes the "conceivable effects" test for "related to" jurisdiction, and

6

certain contingent claims for indemnification and contribution have been held sufficient to create "related to" bankruptcy jurisdiction under § 1334(b). In *In re Farmland Indus., Inc.*, nondebtor defendants, the former officers and directors of Farmland, were indemnified and advanced legal fees throughout litigation out of the bankruptcy estate. 567 F.3d 1010, 1020-1021 (8th Cir. 2009). On this basis, the Eighth Circuit reasoned that the indemnification claims in this case are *not* merely speculative in light of the payments made out of the Farmland bankruptcy estate. *Id.* at 1021. Thus, the court observed that the indemnifications not only *could* conceivably have an effect on the Farmland estate, but, at present, were having an effect. *Id.* (internal citation omitted).

In *Kocher v. Dow Chemical Co.,* the Eighth Circuit applied the "conceivable effects" test. In *Kocher*, plaintiff Kocher sued Dow Chemical, DuPont, and several other defendants for injuries resulting from her temporomandibular joint implant. 132 F.3d 1225, 1228 (8th Cir. 1997). The court found, upon review, that it was *arguable* that federal jurisdiction existed under 28 U.S.C. § 1334(b). *Id.* at 1231. Applying the same rationale as *In re DowCorning Corp*, the nondebtor defendants argued that plaintiff's claims were related to Dow Corning's bankruptcy, because if Kocher prevailed on her claims, Dow Chemical, DuPont and the other defendants could have sued Dow Corning for indemnification. *Id.* at 1230. While the circuit court conceded there was an arguable basis for "related to" jurisdiction under the conceivable effects test, it declined to express an opinion as to whether "the district court was in fact correct to exercise jurisdiction over these claims." *Id.* at 1231. *But cf. Transamerica Fin'l Life Ins. Co. v. Merrill Lynch & Co., Inc.*, 302 B.R. 620, 626 (N.D. Iowa 2003) (determining that the fact that indemnification and contribution claims against a debtor arising out of an action between non-debtor third parties "are conceivable in the future, ... have not yet accrued[,] and would require

another lawsuit before they could have an impact on [the debtor's] bankruptcy proceeding" do not establish "related to" jurisdiction).

Here, Chrysler Group has removed the action to this Court on the basis of a Third-Party Petition for Contribution asserted against them by Don Flier. After removal, Don Flier motioned the Court to amend their petition in order to assert a claim for breach of indemnity. While an indemnification claim based on the existence of an underlying contract generally supports federal jurisdiction under § 1334, it is not the claim forming the basis of removal.[4] Notably, Don Flier did not assert a *contractual* right to contribution [see the Third Party Petition for Contribution at ECF No. 6].

Even in the absence of a contractual basis for contribution or indemnity, courts have found "related to" jurisdiction if the claims conceivably impact the bankruptcy estate. Here, unlike *In re DowCorning Corp.*, there are not *thousands* of claims, which could give rise to many indemnification actions and foreseeably impact the distribution of assets in the estate. However, the claim for contribution asserted against Chrysler Group, satisfies "related to" jurisdiction in the Eighth Circuit as the possibility of liability in this case is far from attenuated. Even though here, there are no payments out of the bankruptcy estate to indemnify officers, as in *In Re Farmland Indus. Inc.,* the asserted contribution claim has brought Chrysler Group into the action as a Third-party Defendant. As such, the claim is not "merely speculative," and conceivably impacts the bankruptcy estate. Chrysler Group argued in their Notice of Removal that Don

---

[4]As noted, a claim for contribution forms the basis for removal. Even though there is a stipulation to dismiss the Third-Party Contribution claim, the propriety of removal must be determined at the time of removal. See *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969) (stating that the allegations of the complaint existing at the time of removal control whether the plaintiffs allegations are sufficient to establish federal question subject matter jurisdiction).

Flier's Petition for Contribution is a direct challenge to the Bankruptcy Court's Sale Order, and that Don Flier seeks recovery based on the very liabilities that the Bankruptcy Court ruled were not assumed by Chrysler Group, and deemed released. Furthermore, Chrysler Group maintains that the Petition for Contribution violates the injunction entered by Judge Gonzales. Thus, as the Court of Appeals indicated in *Kocher*, here, there is an arguable basis for "related to" jurisdiction as the claim for contribution could conceivably affect the bankruptcy estate. As such, this Court concludes that § 1334(b) jurisdiction exists based on the Third-Party Petition for Contribution, and removal was proper under § 1452.

      **B.**      **Motion to Dismiss Third Party Petition for Contribution**

Don Flier and Chrysler Group have agreed to voluntarily dismiss the Third-Party Petition for Contribution without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [ECF No. 17-1].[5]

Rule 41(a) provides that a plaintiff "may dismiss an action without a court order by filing" either: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Joint stipulation to dismiss without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii) is a form of dismissal that is an "unconditional right" of the parties, and "contains no exceptions that call for the exercise of judicial discretion by any court." *See Gardiner v. A.H. Robins Co., Inc.,* 747 F.2d 1180, 1190 (8th Cir. 1984). Rule 41 applies to a dismissal of any counterclaim, crossclaim, or third-party claim. Fed. R. Civ. P. 41(c).

The plain language of Rule 41 provides for the voluntary dismissal of an *action*. The

---

[5]The citation ("41(1)(a)(ii)") to Rule 41 on the signed Stipulation appears to be an error. 41(1)(a)(ii) does not exist. For purposes of this Motion, the Court will assume Don Flier intended to dismiss under 41(a)(1)(A)(ii).

Eighth Circuit, however, interprets Rule 41(a) to refer to the dismissal of *all claims* against a *single* defendant rather than the entire controversy against *all defendants*. *Johnston v. Cartwright,* 355 F.2d 32, 39 (8th Cir. 1966) (emphasis added). Civil procedure treatises have also concluded that "the sounder view and the weight of judicial authority" suggest that a plaintiff can dismiss fewer than all defendants pursuant to Rule 41(a)(1). 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2012).

Here, both Don Flier (Third-Party Plaintiff) and Chrysler Group (Third-Party Defendant) stipulated to dismissal of the Third-Party Petition for Contribution, which was the sole claim against Chrysler Group. The filing of the stipulation on October 17, 2012, which was consented to by all parties, terminated the third-party action under Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Rule 41(a)(1)(A)(ii), it is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *U.S. v. Altman*, 750 F.2d 684, 696-697 (8th Cir. 1984) (citing *First Nat'l Bank v. Marine City, Inc.,* 411 F.2d 674, 677 (3d Cir. 1969)). As the dismissal under 41(a)(1)(A)(ii) is self-executing, there is no need for a Court order granting Don Flier's motion. Third-Party Defendant, Chrysler Group is dismissed from the action without prejudice.

### C. Don Flier's Motion for Leave to File Amended Third Party Petition

Don Flier also motions the Court for leave to file an amended third party petition to assert a claim for breach of indemnity under Federal Rule of Civil Procedure 15(a)(2). However, the stipulation for dismissal is directed at the original Third-Party Petition for Contribution in this matter. Pursuant to the parties' stipulation, dismissal of Don Flier's claim against Chrysler Group was effective immediately upon filing. Furthermore, the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the

parties as if the action had never been brought. *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) (internal quotation and citations omitted). Accordingly, Third-Party Plaintiff Don Flier's Motion to Amend Petition is directed at a petition that is no longer operative. As such, the Court denies Don Flier's Motion for Leave to Amend as moot.

### D. Plaintiffs' Motion to Sever and Remand Claims

Plaintiffs argue that fairness dictates severance of their product liability and negligence claims against Don Flier from the Third-Party Petition for Contribution under Federal Rule of Civil Procedure 21. However, as discussed above, the third parties' stipulation to dismiss the Third-Party Petition for Contribution, rendered this claim a nullity. As such, the Motion to Sever Plaintiffs' claims is moot since it is directed at severance from a federal claim that no longer exists in the action.

Plaintiffs move the Court to remand their strict liability and negligence claims against Don Flier under 28 U.S.C. 1452(b), which provides that, "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Plaintiffs argue that fairness and the possibility of prejudice dictates remand of their product liability and negligence claims against Don Flier from the Third-Party Petition for Contribution, which forms the basis for federal jurisdiction under § 1334. This Court need not examine the equities of Plaintiffs' Motion to Remand, however, as, due to the stipulated dismissal of the Third-Party Petition for Contribution, this Court no longer has jurisdiction over the matter because the case no longer relates to a case arising under title 11, or arising in or related to cases under title 11. After the stipulated dismissal of the third-party action, only Plaintiffs' claims of strict liability and negligence against Don Flier remain. As noted above in *Kocher*, the Eighth Circuit has not yet conclusively established that a state action based on strict

liability or negligence against a *nondebtor* is sufficient to invoke "related to" jurisdiction under § 1334(b). This Court is reluctant to find that jurisdiction here based on purely state claims against a dealership, where Chrysler Group is no longer even a third party. Unlike *In Re DowCorning Corp.*, here, there are not tens of thousands of claims giving rise to potential indemnification, where the impact on the distribution of assets in the bankruptcy estate is clearly foreseeable, even though contingent on additional litigation. As noted earlier, in the Notice of Removal, Chrysler Group cited similar actions against Chrysler Group, where removal was found proper as the claims against Chrysler related to the bankruptcy proceedings. Notably in these cases, the courts severed the additional state claims not involving Chrysler, and then found remand proper as there was *no federal jurisdiction* over the now-severed claims. *See, e.g.*, *Doss v. Chrysler Group, LLC*, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009); *Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431 (E.D. Ky. July 31, 2012); *Clark v. Chrysler Group LLC*, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010). This Court similarly finds that there is a lack of jurisdiction over the state claims against Don Flier.

Without federal jurisdiction over Don Flier's claims against Chrysler Group, the Court must remand those claims to Missouri Circuit Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant, Chrysler Group, LLC, is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Don Flier's Motion for Leave to File Amended Third Party Petition for Indemnity [ECF No. 17] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Sever [ECF No. 13] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand to the Missouri Circuit Court, Twenty-Third Judicial Circuit, Jefferson County [ECF No. 13], is **GRANTED.**

Dated this     26th     day of November, 2012.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE